# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NORTH DAKOTA

THOMAS J. SQUIREK,

Plaintiff,

v.

BUREAU OF INDIAN AFFAIRS and THE UNITED STATES OF AMERICA,

Defendants.

## Case No.: 3:24-CV-206

## FIRST AMENDED COMPLAINT

Now Comes, Thomas J. Squirek (hereafter Claimant) without Counsel and depends on the jurisprudence demonstrated in *Haines v. Kerner*, 404 U.S. 519 with reference to this pleading, and files this Complaint for a Forfeiture Hearing and Demand for Post Seizure Hearing and Verified Claim pursuant to Federal Rule of Civil Procedure Supplemental Rule E(4)(f) and Federal Rule of Criminal Procedure 41(g).

# INTRODUCTION

1. This is a civil action brought by Plaintiff, Thomas J. Squirek (hereafter "Claimant"), to seek redress for the unlawful seizure of property and violations of his constitutional rights during a raid conducted by law enforcement personnel under the authority of the Bureau of Indian Affairs (BIA) and other federal and state agencies on August 25, 2024.

2. Plaintiff asserts that he is the **innocent owner** of all property seized in the raid. Plaintiff had no involvement in any illegal activities and is not the subject of any criminal charges related to the property. As an innocent owner, Plaintiff is entitled to the return of all seized property under **18 U.S.C. §983(d)**, which protects innocent owners from wrongful forfeiture.

3. Plaintiff invokes this Court's jurisdiction over the seized property pursuant to **United States of America v. $874,938.00 U.S. Currency, 999 F.2d 1323 (9th Cir. 1993)**, and **Federal Rule of Criminal Procedure 41(g)**. Plaintiff also seeks an immediate forfeiture proceeding and post-seizure hearing pursuant to **Supplemental Rule E(4)(f)** of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to challenge the legality of the seizure and demand the return of his property.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1346 (United States as a defendant). The verified claim made in this filing grants jurisdiction of the seized property to this Court.

5. This Court also has jurisdiction under the Judiciary Act of 1789 giving the District Court exclusive jurisdiction over all seizures made on land, the Indian Country Crimes Act of 1817, the Major Crimes Act of 1885, Public Law 83-280 (PL-280) of 1953, and the Controlled Substances Act of 1970.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred on the Spirit Lake Indian Reservation, located in the District of North Dakota.

## PARTIES

7. Plaintiff, Thomas J. Squirek, is a resident of the Spirit Lake Indian Reservation, residing at 9275 34th Street NE, Tolna, Benson County, North Dakota 58380-9633. Plaintiff is a retired U.S. Army Staff Sergeant and a disabled military veteran under VA care.

8. Defendant, Bureau of Indian Affairs (BIA), is a federal agency within the U.S. Department of the Interior responsible for managing relationships with Native American tribes.

9. Defendant, the United States of America, is the sovereign entity of which the BIA is a part.

## FACTUAL BACKGROUND

10. On August 25, 2024, at approximately 2:00 PM, law enforcement personnel from several state and federal agencies, led by Special Agent Stell Fallon of the BIA, forcefully entered the Plaintiff's leased residence under the authority of a search warrant issued by Benson County District Court.

11. Plaintiff was handcuffed at gunpoint and taken outside, while officers spent four hours searching his home, located at 9275 34th Street NE, Tolna, North Dakota, for alleged drugs or evidence of drug transactions.

12. The search warrant (Exhibit A) issued by the Benson County District Court authorized the search of Plaintiff's residence and all outbuildings on the property owned by his landlord, Cory Christofferson.

13. Despite the lawful issuance of the warrant, law enforcement officers seized property from Plaintiff's home that was not listed on the inventory of seized property given to the Plaintiff or returned to the Court Clerk, including

thousands of dollars' worth of silver and gold coins, Postal Money Orders, and $3,000.00 in cash (See Appendix A), in addition to $600.00 rent money and $3,809.00 worth of ammunition (Exhibit C).

14. The officers failed to leave a complete inventory of all property seized, as required by the Fourth Amendment and North Dakota law. The only items listed on the evidence inventory receipt provided to Plaintiff were $600.00 in cash and $3,809.00 worth of ammunition.

15. Plaintiff has made multiple inquiries to law enforcement agencies involved in the raid, including the BIA, regarding the whereabouts of the other seized property. As of the filing of this complaint, no criminal charges have been brought against Plaintiff or his landlord, Cory Christofferson.

16. Plaintiff's property was lawfully obtained with funds from his pension and the sale of his previous home. Plaintiff had no involvement in any drug-related or other illegal activities, and there is no evidence to suggest that the seized property was connected to any such activity.

17. Plaintiff asserts that he is an **innocent owner** of the property seized, as defined by **18 U.S.C. §983(d)**, which provides that the property of an innocent owner shall not be forfeited. Plaintiff's property was obtained through legitimate means, and he had no knowledge of, or involvement in, any alleged illegal conduct that could justify the seizure.

18. Plaintiff now moves for the immediate return of his property under **Federal Rule of Criminal Procedure 41(g)**, which provides a remedy for the return of property unlawfully seized or retained, and for an immediate forfeiture proceeding and post-seizure hearing pursuant to **Supplemental Rule E(4)(f)**.

## LEGAL FRAMEWORK

18. Title 18 U.S.C. §983(a)(3)(A) provides that civil forfeiture proceedings must comply with the Supplemental Rules for Certain Admiralty and Maritime Claims. Under **Supplemental Rule A(1)(A)(ii)**, these rules govern in rem actions against property.

19. **Supplemental Rule A(2)** makes clear that, in cases of conflict between the Supplemental Rules and the Federal Rules of Civil Procedure, the Supplemental Rules shall prevail.

20. **Supplemental Rule G** addresses forfeiture actions in rem and explicitly states that Supplemental Rules C and E, along with the Federal Rules of Civil Procedure, apply to in rem actions.

21. **Supplemental Rule E(4)(f)** entitles any person claiming an interest in property that has been seized to a prompt hearing, at which the government must show why the seizure should not be vacated or other relief granted.

22. **18 U.S.C. §983(d)** provides protection for innocent owners, stating that "an innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." Plaintiff qualifies as an innocent owner under this statute, having no involvement in or knowledge of any alleged illegal conduct related to the seized property.

23. Since no forfeiture action has been initiated by the United States against Plaintiff or his landlord, Plaintiff currently has no legal remedy at law to recover his property. Under **Supplemental Rule E(4)(f)**, Plaintiff is entitled to a prompt hearing to challenge the seizure of his property.

## CAUSES OF ACTION

**Count I: Violation of the Fourth Amendment – Unlawful Search and Seizure**

24. Plaintiff incorporates by reference all prior paragraphs as if fully stated herein.

25. The Fourth Amendment of the United States Constitution guarantees the right of individuals to be free from unreasonable searches and seizures. The search and seizure conducted on August 25, 2024, violated this right.

26. The search warrant required a receipt be left with Plaintiff for all property seized. No inventory of the items listed in Appendix A was left with Plaintiff in violation of the Fourth Amendment.

27. Defendants, through their agents and officers, acted in excess of the scope of the warrant, causing the wrongful seizure of Plaintiff's property without any due process in violation of the Fourth, Fifth and Fourteenth Amendments.

### Count II: Failure to Follow Warrant Procedures (Violation of Due Process)

28. Plaintiff incorporates by reference all prior paragraphs as if fully stated herein.

29. Defendants were required to leave a complete inventory of all items seized during the search. Defendants' failure to do so deprived Plaintiff of due process guaranteed under the Fifth and Fourteenth Amendment.

### Count III: Conversion

30. Plaintiff incorporates by reference all prior paragraphs as if fully stated herein.

31. By unlawfully retaining Plaintiff's property, including silver, gold, Postal Money Orders, and cash, Defendants have converted Plaintiff's personal property for their own use and benefit without legal justification.

### Count IV: Innocent Owner Claim Under 18 U.S.C. §983(d)

32. Plaintiff incorporates by reference all prior paragraphs as if fully stated herein.

33. Plaintiff is an innocent owner of the seized property under **18 U.S.C. §983(d)**. Plaintiff had no involvement in or knowledge of any alleged illegal conduct that would justify the forfeiture of his property.

34. Plaintiff's property is not subject to forfeiture under federal law, and he is entitled to its immediate return.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. A declaration that Defendants violated Plaintiff's Fourth and Fifth Amendment rights;

2. An order requiring Defendants to return all seized property listed on the Evidence Inventory and Receipt and all property listed on Appendix A;

3. An immediate forfeiture proceeding and post-seizure hearing under **Supplemental Rule E(4)(f)** to determine if the seized property can be forfeited to the United States or require the return of Plaintiff's property;

4. An immediate order for the return of property under **Federal Rule of Criminal Procedure 41(g)**;

5. A declaration that Plaintiff is an innocent owner under **18 U.S.C. §983(d)** and that his property is not subject to forfeiture;

6. Compensatory damages in an amount to be determined at trial for the unlawful seizure of Plaintiff's property;

*by: Thomas J. Squirek*
Thomas J. Squirek