IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE DISTRICT OF NORTH DAKOTA

Thomas J. Squirek

        Plaintiff/Claimant

v.

The United States
Bureau of Indian Affairs

        Defendant/Respondent

Case No. 3:24-CV-206

## MOTION FOR PROMPT HEARING AND DEMAND FOR POST SEIZURE HEARING AND VERIFIED CLAIM OF SEIZED PROPERTY - FRCP RULE E (4)(f) / Fed. Crm. R. 41(g)

Now Comes, Thomas J. Squirek (hereafter Claimant) without Counsel and depends on the jurisprudence demonstrated in <u>Haines v. Kerner</u>, 404 U.S. 519 with reference to this pleading, and files this Motion for a Hearing and Demand for Post Seizure Hearing and Verified Claim pursuant to Federal Rule of Civil Procedure Supplemental Rule E(4)(f) and Federal Rule of Criminal Procedure 41(g).

### FACTS

My name is Thomas J. Squirek (Hereafter Claimant). I live on the Spirit Lake Indian Reservation at 9275 34th Street NE, Tolna, Benson County, North

Dakota 58380-9633. My phone number is 352-325-1455. I am retired from the United States Army as of June 18, 2011, as a Staff Sergeant assigned to guard the Tomb of the Unknown Soldier. I am also retired from the United States Postal Service. I am a disabled military Veteran under VA care. I have lived at this address for approximately ten years and lease this house from Cory and Casey Christofferson (See Exhibit D). The rent payment terms were $600.00 per month in cash or Postal Money Order. Mr. Christofferson owns about four hundred acres in the close vicinity of the house I lease. Due to the current activities surrounding this house I am actively looking for another place to live.

On August 25, 2024, at 2:00 PM law enforcement personnel from several state and Federal agencies led by Special Agent Stell Fallon of the Bureau of Indian Affairs forcefully entered my leased house under the authority of a Search Warrant issued by Benson County District Court for the Northeast Judicial District of North Dakota (See Exhibit A). At gunpoint I was ordered on my face and placed in handcuffs and taken outside. The officers that entered my home spent the next four hours searching all 650 square feet for alleged drugs or drug money or some evidence of drug transactions according to the information on the Search Warrant and its supporting documents (See Exhibits A & B). The search warrant was directed at all outbuildings at my address that was owned by Mr. Christofferson. There are two homes at this address, one occupied by Mr. Christofferson and the

one I lease from him. To differentiate between the two houses for mailing purposes I have called my house "Straw Bale 1". I was released from the handcuffs at 6:00 P.M.

When the officers left, I was given a receipt for $600.00 cash (my rent money) and $3809.00 worth of ammunition that had been seized from my house, listed in detail on the Evidence Inventory and Receipt supplied to me by Stell Fallon at the end of the search and seizure (See Exhibit C). These were the only items listed on the seizure receipt. However, there were thousands of dollars' worth of silver and gold coins, Postal Money Orders and $3000.00 of other cash (See Appendix A) seized at the time of the raid.

The Search Warrant was issued from the District Court in the County of Benson of the Northeast Judicial District with instructions to "leave a copy of this warrant and a receipt for the property seized, and prepare a written inventory of the property seized and filing a return of this warrant and the written inventory of items seized with the Clerk of District Court."

I have contacted the Clerk of the District Court of Benson County searching for some record of the items that were actually seized from my home. On October 1, 2024, the Clerk of the District Court of Benson County provided to me a copy of the Evidence Inventory and Receipt (SFN 14555) (See Exhibit C) which showed that only ammunition and $600.00 cash was taken from the home. The property

seized from my home was obtained lawfully with funds received from my pension and the sale of a house and can be easily proven by examining all the cash flow and receipts for the purchase of the seized property that will be provided as evidence with this claim (See Exhibits E,F,G,H,I & J). I have checked with every agency involved with this matter and there have been no criminal charges brought against either me or Mr. Christofferson, the case number TF-24-00765 was found on the Evidence Inventory and Receipt and is used to file this Motion.

## FRCP Rule E (4)(f) Demand for Hearing or Return of Property

The United States/Bureau of Indian Affairs (BIA) has seized property from Thomas J. Squirek (Hereafter Claimant) and by their acts have brought the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions into play. The Supplemental Rules are rules that govern actions in rem and forfeiture actions in rem arising from violation of a federal statute. The act of the United States/BIA in seizing property from Claimant causes the United States/BIA to have to forfeit Claimant's rights title and interest in the seized property listed in Appendix A in a forfeiture action. Rule E (4)(f) allows Claimant a prompt hearing at which the potential plaintiff in a forfeiture action shall be required to show why the seizure should not be vacated or other relief granted consistent with these rules. Since the United States/BIA has no claim against any of Thomas J. Squirek's property or assets and has not brought any charges either

civil or criminal, Claimant demands an immediate post seizure hearing pursuant to Rule E(4)(f) and Federal Criminal Rule 41(g) for the return of the property listed on Appendix A. The current circumstances indicate that Special Agent Stell Fallon of the Bureau of Indian Affairs has failed to comply with the provisions of Federal Rule of Criminal Procedure 41(f) (1)(B)(C) & (D) and the instructions in the Search Warrant.

## CLAIMANT VERIFIED CLAIM

I, Thomas J. Squirek, Claimant in this matter, in order to bring the seized property under the jurisdiction of this Federal District Court, do make the following claims;

1. As claimant, I am the sole, true, and bonafide owner of the property, along with the right, title and interest to the seized property listed in Appendix A.

2. As claimant, I have no memory of surrendering any rights title or interest to the ownership of the property listed in Appendix A.

3. As claimant, I hereby claim all right, title and interest to all property seized by the United States/BIA on August 25, 2024, and listed in Appendix A.

4. As claimant, I claim that I have the right to claim the seized property under the rights guaranteed by the original Constitution of the United States of America and the organic law generated by said founding document.

5. As claimant, I claim that I have not intentionally abandoned or waived any protections provided by the original Constitution of the United States of America.

6. As claimant, I claim that I have no legal disability that causes me to abandon my proper standing in any United States Court.

7. As claimant, I claim I have the right to defend the property seized that is listed on Appendix A, and attached to this claim.

8. As claimant, I claim that I have not received any notice of a pre or post seizure hearing in this matter.

9. As claimant, I have no knowledge that the United States or any Agency has commenced any court action, or complaint, or obtained any orders or court process that has allowed forfeiture of the property listed in Appendix A.

10. As claimant, I claim that I have not received any notice of forfeiture of the property listed in Appendix A.

11. As claimant, I claim that I have not received any notice of any civil or criminal action filed against me or the property listed in Appendix A.

12. As claimant, I claim that the property seized and identified in Appendix A was not used to further any criminal act or criminal enterprise, in any jurisdiction whatsoever.

13. As claimant, I claim that the property seized was not the product of any criminal act or criminal enterprise, in any jurisdiction whatsoever.

14. As claimant, I claim the seized property was not used in violation of any of the revenue, drug, import or export laws of the United States.

15. As claimant, I claim that the seized property listed in Appendix A is not contraband of any form.

16. As claimant, I claim that I do not owe any amounts to the United States government or any agency of the United States that would support any seizure or forfeiture authority of any Government agency or the United States.

17. As claimant, I claim that I know of no exigent circumstances that would allow the United States to seize and forfeit the property listed in Appendix A.

18. As claimant, I claim that I have no knowledge of any illegal acts that Mr. Christofferson might have been involved in on his property.

19. As claimant, I claim that I have the right to an immediate post seizure hearing to determine if the United States has enough evidence to cause the seized property listed in Appendix A to be forfeited to the United States.

20. As claimant, I claim that I am an innocent owner in this matter.

21. As claimant, I claim that this seizure took place on the Spirit Lake Indian Reservation.

22. As claimant, I claim that since there have been no charges filed and no forfeiture actions started, I have no remedy at law to recover my property.

///

///

///

# VERIFICATION

**State of North Dakota** )
                         ) SS.
**County of Benson**      )

I, Thomas J. Squirek Claimant, being duly sworn, deposes and says;

I am the Claimant in the matter, I have the authority to make this Verified Claim. I have read the foregoing Verified Claim and know the contents thereof. The facts stated above are true, correct, certain and complete, to my personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this  14  day of October, 2024

by *Thomas J. Squirek*
Thoman J. Squirek

**NOTARIZATION STATEMENT**

STATE OF NORTH DAKOTA

COUNTY OF BENSON

On this day personally appeared before me Thomas J. Squirek, identified to me to be the individual described in and who executed the Motion for Hearing, Demand for Post Seizure Hearing and Verified Claim, and acknowledged that he signed the same as his free and voluntary act and deed.

Given under my hand and seal of office this \_\_14\_\_ day of October, 2024.

Notary Public _____

Printed Name: _____

My Commission Expires: _____

SEAL HERE



KAYLEE E RIPPLINGER
Notary Public
State of North Dakota
My Commission Expires April 26, 2027

## CERTIFICATE OF SERVICE

I, Thoman J. Squirek certify that on October \_\_14\_\_, 2024, I have placed a copy of this Motion for Hearing, Demand for Post Seizure Hearing and Verified Claim and Memorandum in Support in the United States First Class Mail postage prepaid or personally served to.

Special Agent for BIA Stell Fallon
816 3rd Ave., North
Fort Totten, North Dakota 58335

William L. Guy Federal Building
U.S. Attorney's Office
220 East Rosser Ave, Room 372
Bismarck, ND 58502-0699

by Thomas J. Squirek

Demand for Post Seizure Hearing & Verified Claim
Page 9 of 10

Thomas J. Squirek
9275 34th Street NE
Tolna, North Dakota 58380
352-325-1455