IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Thomas J. Squirek<br><br>Claimant<br><br>v<br><br>The United States<br>Bureau of Indian Affairs<br><br>Respondent | Cause No. 3:24-CV-206 |

## MEMORANDUM IN SUPPORT OF MOTION FOR POST SEIZURE HEARING AND VERIFIED CLAIM

Now Comes, Thomas J. Squirek (hereafter Claimant) without Counsel and depends on the jurisprudence demonstrated in <u>Haines v. Kerner</u>, 404 U.S. 519 with reference to this pleading, and files this MEMORANDUM IN SUPPORT OF MOTION FOR POST SEIZURE HEARING AND VERIFIED CLAIM.

The first thing to address in this Memorandum is the Jurisdiction of this Court. District Court Jurisdiction of seizures made on land has been in effect since the Judiciary Act of 1789 in which at the ninth paragraph the Act stated,

> "That the district courts shall have, exclusively of the courts of the several States, cognizance of all crimes and offences that shall be cognizable under the authority of the United States, committed within

their respective districts, … and shall also have exclusive original cognizance of all seizures on land…".

The second thing to address is if this Federal District Court has jurisdiction over the subject matter of this seizure. The search warrant and the very poorly drawn probable cause statement indicated that drugs and information about the sale of drugs was the target in the search warrant. There are several Acts of the United States that give this Federal District Court jurisdiction over drug issues on Indian land.

First came the Indian Country Crimes Act (ICCA) of 1817 also known and the General Crimes Act. This law extends federal jurisdiction to crimes committed in "Indian Country" if they are not already covered by another specific federal law, such and the Major Crimes Act. Drug crimes that violate federal law fall under the ICCA's jurisdiction, giving federal authorities the power to prosecute these cases.

Second came the Major Crimes Act of 1885. While the Major Crimes Act does not specifically mention drug offenses, it established federal jurisdiction over certain serious crimes committed by Native Americans on Native land. The list of crimes has been expanded over time, and combined with other federal statutes, it can encompass drug-related offenses in certain circumstances.

Third came the Public Law 83-280 (PL-280) of 1953. This law granted certain states jurisdiction over criminal and civil matters on Native American

reservations. However, the federal government retains concurrent jurisdiction over drug cases and other crimes under the CSA and other federal laws.

Fourth comes the Controlled Substances Act (CSA) of 1970. The CSA is the federal statute that regulates the manufacture, distribution, and possession of controlled substances. It applies uniformly across the United States, including on Native American land. This means that drug-related offenses on tribal land are under federal jurisdiction regardless of state or tribal law. So, you could say that it is well settled in law that this Federal District Court has jurisdiction over the subject matter of this seizure.

The verified claim made with this filing gives jurisdiction of the seized property to this court. See *United States of America v. $874,938.00 U.S. Currency* 999 F.2d 1323 No. 92-56332. "if a claimant believes that seizure was improper, he may file a motion under Fed. R. Crim P. 41 (e) for the return of the seized property." This claim is also supported by 18 U.S.C. §983 and conforms with its instructions.

Title 18 U.S.C §983 (a)(3)(A) clearly brings the Supplemental Rules for Certain Admiralty and Maritime Claims forward as the rules that must be followed and rightly so. Supplemental Rule A is very clear that the Supplemental rules cover *in rem* actions. (See Rule A (1)(A)(ii)). Another interesting aspect to Rule A is at Rule A (2), where it is made clear that the Supplemental Rules are superior if

there are any conflicts with the Federal Rules of Civil Procedure. The newest rule, Rule G addresses Forfeiture Actions in Rem and in the first sentence Rule G says that Supplemental Rules C and E also apply along with the Federal Rules of Civil Procedure. Supplemental Rule E (4)(f) is the rule that supports this claim for a prompt hearing to determine if the property can be forfeited. It reads, "Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." Since there are no actions filed by the United States against the claimant in this matter, he currently has no remedy at law to recover his property and he is entitled to a prompt hearing under the authority of Supplemental Rule E (4)(f).

For the foregoing reasons the Claimant requests that the Court grant his request for a prompt post-seizure hearing so he can establish his innocent owner status and have his property returned.

by: *Thomas J. Squirek*
Thomas J. Squirek