IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

THOMAS J. SQUIREK,

        Plaintiff,

v.

BUREAU OF INDIAN AFFAIRS, AND
THE UNITED STATES OF AMERICA,

        Defendants.

Case No. 3:24-cv-00206

**UNITED STATES' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT**

The Bureau of Indian Affairs ("BIA")[1] and the United States of America (collectively "United States") offer the following in support of their motion to dismiss the First Amended Complaint (Doc. 6) of plaintiff Thomas J. Squirek ("Plaintiff").

## INTRODUCTION

Plaintiff's claims must be dismissed for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1) and (6).

The Court lacks subject matter jurisdiction over Plaintiff's Counts I and II constitutional tort claims because the United States has not waived its sovereign immunity with respect to Plaintiff's claims.

---

[1] Plaintiff has not pled any allegations identifying a legally viable claim against the Bureau of Indian Affairs as an agency of the United States such that it is a proper party to this lawsuit separate and apart from the United States. "It is well-settled that all suits brought under the FTCA must be brought against the United States." *Vernell for and on Behalf of Vernell v. U.S. Postal Serv.*, 819 F.2d 108, 109 (5th Cir. 1987); 28 U.S.C. § 2674; 28 U.S.C. § 1346(b). None of the other identified claims are actionable against a federal agency as a party defendant. The Court should note the misnomer, allow the case to proceed only against the United States as the real party in interest, and amend the caption accordingly.

The Court lacks subject matter jurisdiction over the Count III conversion claim because Plaintiff failed to present an administrative claim and exhaust administrative remedies required as a condition precedent under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 2671-2680. Plaintiff does not allege he submitted an administrative tort claim to BIA, and he has not done so. Moreover, the FTCA does not waive sovereign immunity with respect to claims relating to the detention of property by a law enforcement officer, rendering any future claim or amendment futile. *Id.* at § 2680(c).

The Court lacks subject matter jurisdiction over Plaintiff's Count IV claim for relief under 18 U.S.C. § 983(d) as an innocent owner of seized property. Because there is no forfeiture action with respect to Plaintiff or his property, the claim is not ripe and he lacks an independent right of action. For the same reason, Plaintiff's prayer for relief pursuant to forfeiture actions under Fed. R. Civ. P. Supp. R. for Admiralty or Maritime Claims and Asset Forfeiture Actions E(4)(f) fails as unripe. Moreover, the United States twice offered to return Plaintiff's seized property[2] (the "Seized Property"), rendering any possible claim moot, and any amendment under existing facts futile. Plaintiff has now agreed to take possession of his property.[3]

Finally, there is no basis to grant Plaintiff's request for a hearing under Fed. R. Crim. P. 41(g), because the United States has offered, and Plaintiff has now agreed to, return of the Seized

---

[2] The Seized Property is identified in Declaration of Stell Fallon in Support of United States' Motion to Dismiss ("Fallon Decla.") at ¶8, filed herewith.

[3] Plaintiff initially refused to accept the Seized Property. Fallon Decla. at ¶14. In the late morning of the day of the filing deadline for this motion, the United States learned Plaintiff had sent a letter agreeing to take back the Seized Property, provided the United States would deliver it to his residence. *Id*. at ¶17, Exhibit 3. The United States was and still is willing to deliver the property to Plaintiff's home, and will make a good faith effort to schedule the return as soon as possible at a mutually agreeable time.

Property.[4] The United States had put Plaintiff on notice that failure to reclaim the Seized Property will be deemed abandonment. In his December 21, 2024 letter agreeing to accept the Seized Property, Plaintiff offered to make himself available at his home to accept return of the property. But, in the unlikely event Plaintiff fails to re-take possession of the Seized Property at a mutually agreeable time to occur no later than 4:00 p.m. on **January 24, 2025**, the United States requests the Court enter an order that the Seized Property is deemed abandoned, with title vesting in the United States, with no recourse or remedy for Plaintiff.

### FACTS

On August 23, 2024 the District Court of Benson County North Dakota issued a search warrant for the property, residence, outbuildings, vehicles, and any persons present at 9275 34th Street NE, Tolna, North Dakota, owned by Cornel "Corey" Christofferson ("Christofferson Property"). Doc. 6-3. Plaintiff acknowledges the search warrant was lawfully issued. Doc. 6 at 4, ¶¶10, 12-13. The Lake Region Narcotics Task Force ("Task Force"), which included BIA Special Agent Stell Fallon ("SA Fallon"), executed the search warrant on August 25, 2024. Fallon Decla. at ¶6.

Plaintiff's residence is a rented outbuilding on the Christofferson Property and was searched pursuant to the search warrant. Fallon Decla. at ¶7. Task Force officers seized certain evidence from Plaintiff's residence, completed an Evidence Inventory and Receipt form identifying all evidence seized, and left a copy of the form in Plaintiff's residence at that time. *Id.*

---

[4] Plaintiff also claims the United States seized, but did not inventory, "thousands of dollars' worth of silver and gold coins, Postal Money Orders, and $3,000.00 in cash" ("Non-seized Property"). Doc. 6 at 4-5, ¶13. The United States did not seize the Non-seized Property. Fallon Decla. at ¶13. Where the government never possessed the claimed property, it is not necessary or appropriate to have a hearing under Fed. R. Crim. P. 41(g).

at ¶¶8-9. Plaintiff filed his copy of the Evidence Inventory and Receipt with the Court. Doc. 6-5.[5] No other items were seized from the Plaintiff's residence. Fallon Decla. at ¶¶9, 11, 13.

After completion of the search, SA Fallon was pulling a cart loaded with the items seized from the outbuilding. As he was doing so, Plaintiff, who was outside Cornel Christofferson's primary residence, asked SA Fallon what was being taken from the outbuilding and if Plaintiff could look. SA Fallon stopped to allow Plaintiff to look at the items seized and explained to Plaintiff why the Task Force had seized the items. Plaintiff looked through the items but made no further inquiry and made no complaint about the items seized. Fallon Decla. at ¶10.

Approximately one week after the search, SA Fallon spoke with Plaintiff by telephone. Plaintiff asked what was going to happen to his property. SA Fallon explained his property would remain in law enforcement custody pending further investigation. Plaintiff also asked about property he alleged law enforcement had seized but did not include in the Evidence Inventory and Receipt. SA Fallon informed Plaintiff that all property law enforcement seized from the outbuilding was listed on the Evidence Inventory and Receipt. Fallon Decla. at ¶11.

The Evidence Inventory and Receipt (Doc. 6-5), with the correction relating to the initial misidentification of the dollar coins, is correct and accurately reflects the only property seized by the Task Force from the Squirek residence outbuilding. Fallon Decla. at ¶13. The Task Force did not seize any un-inventoried property from the outbuilding, to include silver and gold coins, postal money orders, and $3,000 cash, and no such property is in the possession, custody, or control of the United States. *Id.*

---

[5] Upon further inspection of the Seized Property, SA Fallon determined Item No. 7 on the Evidence Inventory and Receipt, which was recorded as rolls of quarters, actually consists of rolls containing dollar coins. Fallon Decla. at ¶¶8-9; Doc. 6-1 (Plaintiff asserts the misidentified rolls contain 200 Susan B. Anthony dollar coins).

On November 15, 2024, consistent with BIA policy, SA Fallon contacted Plaintiff by telephone and informed Plaintiff he could retake possession of the property identified on the Evidence Inventory and Receipt. SA Fallon offered to arrange a time and place for the return of the Seized Property, either by having Plaintiff pick it up or by having it delivered to Plaintiff. Plaintiff said he would not take possession of the Seized Property unless SA Fallon also returned the additional items (the Non-seized Property) Plaintiff alleges were taken by law enforcement. Plaintiff refused to take possession of the Seized Property at that time. Fallon Decla. at ¶14.

Plaintiff sent a letter to SA Fallon, dated November 15, 2024, acknowledging the United States' informal attempt to return the property listed on the Evidence Inventory and Receipt. Fallon Decla. at ¶15, Ex. 1. Plaintiff did not accept return of the Seized Property at that time.

On December 6, 2024, after twenty (20) days passed from the date SA Fallon notified Plaintiff he could have his Seized Property back and he failed to retrieve it, SA Fallon sent Plaintiff a written notice advising him he could retrieve the Seized Property from the Task Force office. The notice also informed Plaintiff he must retrieve his property within thirty (30) days from receipt of the written notice or the Seized Property would be considered abandoned and title to the property would vest in the United States, consistent with BIA policy. SA Fallon included his contact information. SA Fallon sent the notice to Plaintiff via certified mail on December 6, 2024 and Plaintiff received the notice on December 10, 2024. Fallon Decla. at ¶16, Ex. 2 (notice, USPS Delivery Tracking confirmation, and Return Receipt signed by Plaintiff). Plaintiff' deadline to retrieve the seized property is January 9, 2025. *Id*. at ¶17.

On January 6, 2025, the United States learned Plaintiff sent a letter dated December 21, 2024 to the United States, agreeing to take possession of the Seized Property provided the United

States would deliver it to Plaintiff's residence. Fallon Decla. at ¶17, Exhibit 3. The United States is willing to do this and will make a good faith effort to schedule the return as soon as possible.

There is no pending forfeiture action with respect to Plaintiff's property identified on the Evidence Inventory and Receipt. Fallon Decla. at ¶18.

Plaintiff initiated the instant action on October 9, 2024. Doc. 1. Plaintiff alleges property was seized from his home that was not listed on the Evidence Inventory and Receipt. Doc. 6 at 4-5, ¶¶13-14. Plaintiff did not file an administrative claim with the Department of Interior, Bureau of Indian Affairs prior to filing his Complaint with this Court. Declaration of Rebecca Pock in Support of United States' Motion to Dismiss ("Pock Decla.") filed herewith, at ¶¶3, 5-9. Plaintiff does not allege in his First Amended Complaint that he presented an administrative claim. Doc. 6.

## LEGAL STANDARD

### Federal Rule of Civil Procedure 12(b)(1) – Lack of Subject Matter Jurisdiction

Before the Court may consider the substantive issues raised by Plaintiff, the Court must, as a threshold matter, satisfy itself that subject matter jurisdiction exists. "Indeed, a federal court has the responsibility to consider the question of subject-matter jurisdiction *sua sponte* even if not raised by the parties." *Flute v. United States*, No. 4:18-CV-04112-RAL, 2019 WL 3325353, at *3 (D.S.D. July 24, 2019) (citing *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011)). When a federal court concludes it lacks subject matter jurisdiction over a claim, the court must dismiss that claim. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3).

> In evaluating a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of [un]disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mentz* [*v. United States*, 359 F. Supp. 2d 856, 858 (D.N.D. 2005)](quoting *Osborn* [*v. United States*, 918 F.2d 724, 730 (8th Cir. 1990)]). A court may make credibility determinations and

weigh conflicting evidence in resolving a motion to dismiss under Rule 12(b)(1).
*See T.L. ex rel. Ingram v. United States*, 443 F.3d 956, 961 (8th Cir.
2006); *see
also Mentz*, 359 F. Supp. 2d at 858. The party seeking to establish federal
jurisdiction has the burden of proving that jurisdiction does in fact exist, and "this
burden may not be shifted to" the other party. *Great Rivers Habitat Alliance v.
Fed. Emergency Mgmt. Agency*, 2010 WL 3168368, at *2 (8th Cir. 2010) (quoting
*Newhard, Cook & Co. v. Inspired Life Ctrs*, 895 F.2d 1226, 1228 (8th Cir. 1990));
*Mentz*, 359 F. Supp. 2d at 858 (citing *Osborn v. United States*, 918 F.2d 724, 729
(8th Cir. 1990)).

*Vinje v. United States*, No. 1:16-cv-024-CSM, 2016 WL 3248238, at *2 (D.N.D. June 10, 2016)

(correcting *Mentz* quote from *Osborn*).

A motion to dismiss under Rule 12(b)(1) imposes an affirmative obligation on the Court

to ensure jurisdiction exists. *Himex Co. v. United States,* 17 F. Supp. 3d 77, 79 (D.D.C. 2014).

"Where the federal government seeks dismissal for lack of subject matter jurisdiction, the burden

of showing both a waiver of sovereign immunity and a grant of jurisdiction falls on the

plaintiffs." *Radford v. United States,* 178 F. Supp. 3d 784, 788 (E.D. Mo. 2016) (citing *V S Ltd.

P'ship v. Dep't of Housing & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000)).

"Jurisdictional issues, whether they involve questions of law or fact, are for the court to

decide." *Mentz*, 359 F. Supp. 2d at 858. Because jurisdiction is a threshold question, the district

court may consider matters outside the pleadings when subject matter jurisdiction is challenged

under Rule 12(b)(1). *Id.*; *Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir.

2005). "A district court has the authority to dismiss an action for lack of subject matter

jurisdiction on any one of three separate bases: '(1) the complaint alone; (2) the complaint

supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts.'" *Johnson v. United States*, 534

F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

Because "there is no statutory procedure upon an issue of jurisdiction, the mode of its

determination is left to the trial court." *Id.* at 964 (quoting *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)).

### Federal Rule of Civil Procedure 12(b)(6) – Failure to State a Claim[6]

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint to eliminate actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial activity." *Young v. City of St. Charles*, *Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). While complaints are construed in favor of plaintiffs, the complaint "must allege facts sufficient to state a claim as a matter of law." *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006). While *pro se* complaints are construed liberally they must still allege sufficient facts to support the claims advanced. *Id.*; *Curne v. Harley-Davidson*, No. 19-27-CV, 2019 WL 13203975, at *1 (W.D. Mo. Apr. 10, 2019).[7]

However, when allegations cannot raise a claim of entitlement to relief, this should "be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (citation omitted). "The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding complaint must contain sufficient

---

[6] The United States contends there are Rule 12(b)(1) grounds sufficient to require dismissal of all of Plaintiff's claims; however, the Rule 12(b)(6) standard is offered in the alternative, should the Court determine subject matter jurisdiction exists for any such claim.

[7] It appears Plaintiff may already have significant experience as a *pro se* litigant. *See e.g. Squirek v. Sessoms & Rogers, PA, et al.,* 1:02-cv-40 (U.S. Dist. Ct., N.C.M.D.) (alleging unfair and deceptive trade practices in violation of the Fair Debt Collections Practices Act and fraud), appealed to C.A.4 Dkt. 03-1746; *Squirek v. IRS*, Dkt. 25307-17 (U.S. Tax Court) (challenging tax deficiency notices determined for his 1992 through 2017 tax years); *Gust, et al. v. Tolson, et al.*, 3:05-cv-444 (U.S. Dist. Ct. N.C.W.) (challenging the assessment of taxes and alleging constitutional rights violations), appealed to C.A.4, Dkt. 06-1587.

factual matter to state a claim for relief that is plausible on its face). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. (citations omitted). To survive dismissal, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that [each] defendant is liable for the misconduct alleged." *Id.*

"[I]n considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *Mattes v. ABC Plastics, Inc*., 323 F.3d 695, 697 n.4 (8th Cir. 2003) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). "In this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion. Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion to dismiss." *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) (citations omitted).

## ARGUMENT

### I.    Plaintiff's Constitutional Claims in Counts I and II Are Not Cognizable Against the United States and Must be Dismissed.

In Count I Plaintiff asserts the United States violated the Fourth, Fifth and Fourteenth Amendments. Doc. 6 at 7-8. In Count II Plaintiff asserts the United States violated the Fifth and Fourteenth Amendments. *Id.* at 8. The United States, however, has not waived sovereign immunity with respect to any constitutional claim. Accordingly, the Court lacks subject matter jurisdiction over Counts I and II and they must be dismissed.

The Supreme Court has held that under certain narrow circumstances a victim of a constitutional violation by a federal agent may have a right to recover damages in federal court. *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971). However, neither the Bureau of Indian Affairs nor the United States are entities that may be sued under *Bivens. F.D.I.C. v. Meyer,* 510 U.S. 471, 484-86 (1994) (concluding *Bivens* claims are not actionable against the United States or its agencies); *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) ("It is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity."). Additionally, constitutional claims are not cognizable under the FTCA. *Meyer,* 510 U.S. at 477-78 (finding constitutional claims are not cognizable under 28 U.S.C. § 1346(b)); *Washington v. DEA,* 183 F.3d 868, 874 (8th Cir. 1999)(same).

Suits against federal agencies, as well as against government officials acting in their official capacities, are really suits against the federal government itself. *See Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Absent a waiver, the bar of sovereign immunity remains in place for the United States. *Meyer*, 510 U.S. at 475. The Court lacks subject matter jurisdiction over Plaintiff's constitutional claims and must dismiss Counts I and II under Fed. R. Civ. P. 12(b)(1).

**II.    This Court Lacks Subject Matter Jurisdiction over Plaintiff's Count III Tortious Conversion Claim Because Plaintiff Failed to Present and Exhaust Administrative Remedies under the FTCA.**

In Count III Plaintiff asserts tortious conversion of Plaintiff's property by BIA[8] and the United States. Doc. 6 at 8. This claim must fail because the Court has no subject matter jurisdiction over it.

    a.    <u>Plaintiff's Allegations Do Not Invoke the FTCA's Waiver of Sovereign Immunity</u>.

"[S]overeign immunity shields the Federal Government and its agencies from suit." *Meyer*, 510 U.S. at 475. Congress, however, may waive the United States' immunity and "define the conditions under which actions are permitted against it." *Peterson v. United States*, 428 F.2d 368, 369 (8th Cir. 1970) (citations omitted). "Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Meyer,* 510 U.S. at 475 (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Absent a waiver of sovereign immunity, a federal court does not have subject matter jurisdiction over cases against the United States. *Id.* "Waivers of sovereign immunity are construed narrowly and in favor of the sovereign." *Soghomonian v. United States*, 82 F. Supp. 2d 1134, 1140 (E.D. Cal. 1999).

Congress enacted the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees. *Meyer,* 510 U.S. at 475. The FTCA is not a blanket waiver of sovereign immunity; Congress was careful to except from the FTCA's waiver of immunity certain classes of tort claims. *United States v. Varig Airlines*, 467 U.S. 797, 808 (1984). And, unless a tort claimant satisfies all the conditions precedent put in place by Congress

---

[8] As discussed in footnote 1, *supra*, BIA is not a proper party: "a suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees. 28 U.S.C. § 2679(a)." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988).

under the FTCA, there is no waiver of sovereign immunity, and the Court has no authority to

hear the case. *Washington*, 183 F.3d at 873.

      b.    <u>Plaintiff Failed to Present and Exhaust Administrative Remedies</u>.

Dismissal under Rule 12(b)(1) is appropriate when a plaintiff fails to present and exhaust

administrative remedies that are jurisdictional prerequisites to filing suit under the FTCA. The

FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the

United States and delineates the required procedure for bringing such claims. 28 U.S.C. §§

1346(b) and 2671–2680. The FTCA "provides that an action shall not be instituted upon a claim

against the United States for money damages unless the claimant has first exhausted his

administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993). Specifically:

> [a]n action shall not be instituted upon a claim against the United States for
> money damages for injury or loss of property or personal injury or death caused
> by the negligent or wrongful act or omission of any employee of the Government
> while acting within the scope of his office or employment, unless the claimant
> shall have first presented the claim to the appropriate Federal agency and his
> claim shall have been finally denied by the agency in writing and sent by certified
> or registered mail.

28 U.S.C. § 2675(a) (emphasis added).

Department of Justice regulations implementing the FTCA unequivocally state that a

claim is deemed properly presented only:

> when a Federal agency receives from a claimant, his duly authorized agent or
> legal representative, an executed Standard Form 95 or other written notification of
> an incident, accompanied by a claim for money damages in a sum certain for
> injury to or loss of property, personal injury, or death alleged to have occurred by
> reason of the incident; and the title or legal capacity of the person signing, and is
> accompanied by evidence of his authority to present a claim on behalf of the
> claimant as agent, executor, administrator, parent, guardian, or other
> representative.

28 C.F.R. § 14.2(a). "This presentment requirement 'provides federal agencies a fair opportunity

to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims

prior to suit.'" *Roiger v. Veterans Affairs Health Care Sys.*, No. 18-cv-591, 2019 WL 572655, at *3 (D. Minn. Feb. 12, 2019) (quoting *Mader v. United States*, 654 F.3d 794, 800-801 (8th Cir. 2011)).

The presentment requirement of § 2675(a) 'is jurisdictional and cannot be waived." *Trottier v. United States,* No. 3:21-CV-93, 2021 WL 5237287, at *3 (D.N.D. Nov. 10, 2021); *see also Mader*, 654 F.3d at 805 ("We have long held that compliance with § 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA claim in federal district court."). If a plaintiff files suit without first having submitted a timely and complete claim for administrative determination, the suit must be dismissed. *McNeil,* 508 U.S. at 111–13.

Plaintiff did not present an administrative claim to the BIA. Pock Decla. at ¶¶3, 5-9. "An FTCA plaintiff bears the burden of pleading and proving complete exhaustion of administrative remedies; without exhaustion according to these requirements, a federal court does not have subject-matter jurisdiction to consider the claim." *Roiger*, 2019 WL 572655, *3 (citing *McNeil*, 508 U.S. at 112). Here, Plaintiff has completely failed to present and exhaust his administrative remedies. Plaintiff's claim for the tort of conversion under Count III of the Complaint, which may only be construed as a tort claim subsumed under the FTCA, must be dismissed for lack of subject matter jurisdiction. *Trottier,* 2021 WL 5237287 at *4. And "[w]hen a claim is unexhausted prior to suit under the Federal Tort Claims Act, the claimant cannot 'cure the jurisdictional defect' while the suit is pending." *Gabriel v. United States*, 683 F. App'x 671, 672 (10th Cir. 2017) (quoting *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999)); *see also Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981) (holding jurisdiction under FTCA "must exist at the time the complaint is filed," and a court may not "stay or hold in abeyance" a premature suit).

### III.   This Court Lacks Subject Matter Jurisdiction Over Plaintiff's 18 U.S.C. § 983 Cause of Action.

Plaintiff admits there is no pending forfeiture action pertaining to Plaintiff or his property. Doc. 6 at 7, ¶23; *see also* Fallon Decla. at ¶18 (no forfeiture action pending). In fact, the United States has attempted to return the property seized from Plaintiff, but Plaintiff has until recently refused it. *Id.* at ¶¶14-17. Nonetheless, in Count IV, "Innocent Owner Claim Under 18 U.S.C. § 983(d)" Plaintiff seeks relief under a forfeiture statute. His claim is not ripe; the Court lacks subject matter jurisdiction over an unripe claim.

> "Standing and ripeness are sometimes closely related. In assessing ripeness, we focus on whether the case involves 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Missouri Roundtable for Life v. Carnahan,* 676 F.3d 665, 674 (8th Cir.2012) (quoting *281 Care Committee v. Arneson,* 638 F.3d 621, 631 (8th Cir.2011), other citation omitted). Both are requirements for Article III subject matter jurisdiction[.]

*Kennedy v. Ferguson*, 679 F.3d 998, 1001 (8th Cir. 2012).[9] "The ripeness doctrine derives from both the Article III case and controversy requirement and prudential considerations for refusing to exercise jurisdiction. In essence, the case and controversy requirement of Article III prohibits the courts from issuing advisory opinions." *DeCrow v. N. Dakota Workforce Safety & Ins. Fund*, No. 1:14-CV-158, 2015 WL 12803638, at *5 (D.N.D. Oct. 19, 2015) (citations omitted), *aff'd,*

---

[9]   Standing is always a "threshold question" in determining whether a federal court may hear a case. *Eckles v. City of Corydon*, 341 F.3d 762, 767 (8th Cir. 2003). A party invoking federal jurisdiction has the burden of establishing that he has the right to assert his claim in federal court. *Schanou v. Lancaster Cnty. Sch. Dist. No. 160*, 62 F.3d 1040, 1045 (8th Cir. 1995). This requires establishing three elements: (1) that he suffered concrete, particularized injury in fact; (2) that this injury is fairly traceable to the challenged action of defendants; and (3) that it is likely that this injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

*281 Care Comm.*, 638 F.3d at 627. Here, Plaintiff has established none of the three elements necessary for standing.

864 F.3d 989 (8th Cir. 2017); *see also Dakota, Minnesota & E. R.R. Corp. v. S. Dakota*, 362

F.3d 512, 520 (8th Cir. 2004) (holding ripeness is a requirement for subject matter jurisdiction).

 The United States has not commenced a forfeiture action and Plaintiff has no private right

of action allowing him to bring one. "A civil forfeiture action is properly initiated by the United

States Government in the United States District Court when a timely and proper request for such

has been made by a person who has received notice of a forfeiture." *Baker v. United States*

*Customs & Border Prot. Servs.*, No. CV-19-4512, 2019 WL 5458905, at \*3 (D. Ariz. Sept. 3,

2019), report and recommendation adopted, 2019 WL 5448311 (D. Ariz. Oct. 24, 2019) (citing

18 U.S.C. § 981, *et seq*.). Sections 981 and 983 do "not provide Plaintiff with a right to initiate a

forfeiture action" on his or her own behalf. *Id.*; *see also Diamond Casino Cruise, LLC v. Dep't of*

*Homeland Sec.*, 915 F. Supp. 2d 1380, 1383-86 (S.D. Ga. 2013) (finding that while 18 U.S.C. §

983 gives "parties access to courts at various stages of the forfeiture process, for various reasons,

with various forms of relief available[,]" it does not provide parties with a private right of action

to sue the United States). Instead, the statute generally provides parties with a right to set aside a

declaration of forfeiture and release of property, if certain conditions are met. *Diamond Casino,*

915 F. Supp. 2d at 1385. There being no case or controversy with respect to forfeiture of the

Seized Property, Count IV must be dismissed.

 For the same reasons, Plaintiff's PRAYER FOR RELIEF[10] seeking a remedy under Fed.

R. Civ. P. Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,

must fail for lack of subject matter jurisdiction.

---

[10] *See* Doc. 6 at 9, ¶3 (requesting "An immediate forfeiture proceeding and post-seizure hearing under **Supplemental Rule E(4)(f)** to determine if the seized property can be forfeited to the United States or require the return of Plaintiff's property[.]" (emphasis in original).

IV.    **This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Request for a Federal Rule of Criminal Procedure 41(g) Hearing.**[11]

In his PRAYER FOR RELIEF, Plaintiff seeks "An immediate order for the return of property under **Federal Rule of Criminal Procedure 41(g)."** Doc. 6 at 9, ¶4 (emphasis in original). This rule provides, "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property <u>may move for the property's return</u>." Fed. R. Crim. P. 41(g)[12] (emphasis added). Courts hold that although an action is brought under a federal criminal rule, when it is brought "by a party against whom no criminal charges have been brought, such a motion is in fact a petition that the district court invokes its civil equitable jurisdiction." *Snitko v. United States,* 90 F. 4th 1250, 1259 (9th Cir. 2024) (citations omitted); *see also United States v. Mendez,* 860 F.3d 1147, 1149-50 (8th Cir. 2017) ("Although a motion is filed under Criminal Rule 41(g), when the filing comes after the termination of criminal proceedings, it is treated as a civil action for equitable relief.") (citation omitted). Although Rule 41(g) "waives sovereign immunity to allow the return of property, sovereign immunity is not waived to allow monetary damages." *Jackson v. United States,* 526 F.3d 394, 398 (8th Cir. 2008) (citing *United States v. Hall*, 269 F.3d 940, 943 (8th Cir. 2001)).

---

[11] On December 1, 2002, Rule 41(e) was redesignated Rule 41(g) without substantive changes. *See* Fed. R. Crim. P. 41 Advisory Committee Note to the 2002 amendments.

[12] Federal Rule of Criminal Procedure 41(g) provides:

> (g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Under a petition for return of property under Fed. R. Crim. P. 41(g), the "movant must establish lawful entitlement to the property." *Id.* at 396 (citation omitted). This burden is often satisfied by showing that the property was seized from the movant's possession. *Id*. A reviewing court should allow a claimant "to meet this burden, which may include—but does not require—an evidentiary hearing." *Id.* (emphasis added). Rule 41(g) applies to property actually seized that is (or sometimes, was but is no longer) in the possession of the United States. As discussed *infra*, it does not, of course, provide a remedy for property never in the possession, custody, or control of the United States.

    a.    <u>The United States Offered to Return the Seized Property; There is No Live Case or Controversy, and the Matter is Moot.</u>

Plaintiff's PRAYER FOR RELIEF (Doc. 6 at 9, ¶4) seeks, "An immediate order for the return of property under Federal Rule of Criminal Procedure 41(g)." The Court lacks subject matter jurisdiction over this claim because it is moot. The United States has given notice to Plaintiff that he may recover all his Seized Property; Plaintiff has now agreed to accept return of the Seized Property. Fallon Decla. at ¶¶14, 16-17. All the relief to which Plaintiff would be entitled under Fed. R. Crim. P. 41(g) has already been offered and accepted.[13]

> A federal court lacks subject-matter jurisdiction if a claim becomes moot. *Brazil v. Ark. Dep't of Human Servs.*, 892 F.3d 957, 959 (8th Cir. 2018) ("When the issues presented are no longer live or the parties lack a cognizable interest in the outcome, a case or controversy under Article III no longer exists because the litigation has become moot." (cleaned up)). A claim is moot when "changed circumstances already provide the requested relief and eliminate the need for court action." *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004).

---

[13] The United States expects the actual return of the property to occur no later than **January 24, 2025**. To the extent any issue remains unresolved and requires Court action, it would only be if Plaintiff refuses to accept return of the Seized Property by that time, in which case the United States requests the Court enter an order recognizing the Seized Property is deemed abandoned, with title vesting in the United States, with no recourse or remedy for Plaintiff.

*Dalton v. JJSC Props., LLC*, 967 F.3d 909, 913 (8th Cir. 2020). "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions[.]'" *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (citations omitted).

> "(I)t is well settled that federal courts may act only in the context of a justiciable case or controversy." *Benton v. Maryland*, 395 U.S. 784, 788, 89 S.Ct. 2056, 2059, 23 L.Ed.2d 707 (1969). "Our lack of jurisdiction to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n. 3, 84 S.Ct. 391, 394, 11 L.Ed.2d 347 (1964); cf. *Doremus v. Board of Education*, 342 U.S. 429, 434, 72 S.Ct. 394, 397, 96 L.Ed. 475 (1952).

*Securities & Exch. Comm'n v. Med. Comm. for Human Rights*, 404 U.S. 403, 407 (1972).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Davis v. Morris-Walker, Ltd.*, 922 F.3d 868, 870 (8th Cir. 2019) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks omitted)). "If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction." *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) (*en banc*) (citing *Powell v. McCormack*, 395 U.S. 486, 496 n. 7 (1969)).

Plaintiff's claim is moot; the United States has repeatedly given notice to Plaintiff that the United States will return the property it seized. Plaintiff has finally agreed to accept return of the Seized Property. Return of the Seized Property is the relief Plaintiff requested; it is relief the United States has offered; it is the relief Plaintiff has agreed to accept; it is the relief the Court could grant in equity were there a live case or controversy supporting subject matter jurisdiction.

    b.    <u>The United States Never Had Possession of the Non-seized Property and Cannot be Ordered to Return It Under Fed. R. Crim. P. 41(g).</u>

Plaintiff apparently asks this Court to order the United States to return the Non-seized Property to him. Plaintiff said he would not take possession of the Seized Property unless the United States also returned to him the Non-seized Property that Plaintiff alleges was seized by the United States but not included on the Evidence Inventory and Receipt. Fallon Decla. at ¶14. The United States, however, did not seize the Non-seized Property, and does not have it in its possession, custody, or control. *Id.* at ¶13. The United States cannot return what it does not have. *United States v. White*, 718 F.2d 260, 261 (8th Cir. 1983) (concluding "since the government does not possess White's property, it cannot return his property, and the motion was properly denied"); *Almon v. United States*, 302 F. Supp. 2d 575, 593 (D.S.C. 2004) (holding a court cannot require the government to turn over a specific item for which there is no proof it was taken).

"Where the federal government never had possession of the property in question, denial of a Rule 41(g) motion is proper." *United States v. Ford,* No. 205-CR-21, 2007 WL 837238, at *2 (E.D. Tenn. Mar. 15, 2007) (internal citations omitted). This is not a case where the government seized property but intentionally disposed of it, or inadvertently lost it; rather, this is a case where the government never seized the claimed property to begin with. In the Rule 41(g) context, Plaintiff has the burden to show the United States seized the claimed property. *Id.* ("The movant clearly has the burden of showing real or constructive possession of the property by the federal government.").

Here, Plaintiff has not met, and cannot meet, that burden. Plaintiff's unsupported, conclusory allegations are insufficient in the face of the United States' affirmative representations regarding the status of the Non-seized Property. In *Bullock v. United States,* a district court considered the same issue:

The Government contends that Bullock's request for the return of the Other Property should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Doc. 8 at 1, 9–10.) Specifically, the Government contends that it never possessed the disputed property, thus depriving the court of jurisdiction over Bullock's request for its return. (*Id.* at 9–10; Doc. 13 at 4–6.) As proof of its non-possession, the Government proffers the affidavit of a DEA Records Examiner Analyst. (Doc. 13–1 at 1–2.) In this affidavit, the DEA analyst avers that she has reviewed the relevant DEA forfeiture records and case files "and finds no evidence that the agency seized any items of personal property, with the exception of the $6,470.00 in U.S. Currency, from Reginald Earl Bullock." (*Id.* at 1.)

The Government thus lodges a factual challenge to the court's jurisdiction. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). In addressing a factual attack, the court does not "presume the truthfulness of the complaint's factual allegations[,]" but "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). In resolving this type of Rule 12(b)(1) challenge, the "court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192.

…

For the court to have jurisdiction here, the Government must "actually or constructively possess" the property Bullock seeks through his Rule 41(g) petition. *Hill v. United States*, No. 1:12cv92, 2013 WL 1192312, at *4 (N.D.W.Va. Mar. 22, 2013).

*Bullock v. United States*, 176 F. Supp. 3d 517, 527–28 (M.D.N.C. 2016). When there is no evidence the government actually seized particular items or instituted forfeiture proceedings against the items, and the only evidence related to the particular items comes from assertions Plaintiff made that the items existed and were seized, there can be no finding they were in fact seized. *Matthews v. United States*, 917 F. Supp. 1090, 1103–04 (E.D. Va. 1996). Here, Plaintiff's bare assertions are inadequate.

Without evidence that the United States ever confiscated, held, or instituted federal forfeiture proceedings against these three items, the Court cannot find that they were in fact seized and forfeited. This Court **FINDS** that it cannot order the government to turn over articles it has no record of having taken where the claimant proffers insufficient evidence to the contrary. Other courts have denied motions for the return of property under similar circumstances, for "since the government does not possess [the defendant's] property, it cannot return his property". *United States v. White*, 718 F.2d 260, 261 (8th Cir. 1983).

20

*Id.* at 1104 (emphasis in original).

The Court may rely on the United States' declaration of SA Fallon, and the Evidence Inventory and Receipt completed in the ordinary course, to support the United States' position that it did not take the Non-Seized Property. No hearing is required.[14]

> [A] district court need not necessarily conduct an evidentiary hearing on every Rule 41(g) motion. The rule only directs a district court to "receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). Likewise, [*United States v. Chambers, 192 F.3d 374 (3d Cir.1999)*] does not mandate the method by which a district court must "determine, in fact, whether the government retains possession of the property," so long as this determination rests on a firmer basis than the government's unsubstantiated assertions that it "no longer possesses the property at issue." *Id.* at 377–78. For example, affidavits or documentary evidence, such as chain of custody records, may be sufficient to support a fact finder's determination."

*United States v. Albinson*, 356 F.3d 278, 281-82 (3d Cir. 2004).

Motions for return of property have been denied without an evidentiary hearing in cases analogous to the instant case. *See White*, 718 F.2d at 262 (affirming district court's denial of motion without a hearing where the government had "shown that it does not have custody of the property")[15]; *Matthews*, 917 F. Supp. at 1103-04 (relying on official seizure records of DEA,

---

[14] The United States is entitled to a rebuttable "presumption of regularity" with respect to the actions of its agents. *See Wilburn v. Astrue*, 626 F.3d 999, 1003–04 (8th Cir. 2010); *see also United States v. Chem. Found., Inc.*, 272 U.S. 1, 14–15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."); *United States v. Ahrens*, 530 F.2d 781, 785–86 (8th Cir. 1976) (applying the presumption of regularity to conclude an IRS employee properly recorded tax information on notice provided to the claimant); *Cupples Co. Mfrs. v. N.L.R.B.*, 103 F.2d 953, 958 (8th Cir. 1939) (applying the presumption of regularity to conclude members of the National Labor Relations Board sufficiently considered all evidence before making a decision); *McDonough v. Anoka County*, 799 F.3d 931, 948 (8th Cir. 2015) (finding presumption of regularity does not apply when soundly rebutted by the evidence).

[15] Under fact patterns distinguishable from the instant case, the Eighth Circuit has ruled that evidentiary hearings may be required where the District Court did not receive evidence to

appended to government's resistance, to deny defendant's motion for return of property without holding an evidentiary hearing, noting, "[t]here is no evidence in this case that the government actually did seize these particular items."). A defendant's "general or conclusionary assertions" will not suffice to warrant an evidentiary hearing for return of property. *United States v. Dean*, 100 F.3d 19, 21 (5th Cir. 1996). Instead, the "[f]actual allegations in the defendant's motion must be 'sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented.'" *Id.* (quoting *United States v. Harrelso*n, 705 F.2d 733, 737 (5th Cir. 1983)).

> Evidentiary hearings on motions under Federal Rule 41(g) are not granted as a matter of course; they are required only when a defendant alleges facts, sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented. *United States v. Dean*, 100 F.3d 19, 21 (5th Cir.1996) (considering former Rule 41(e)); *see also United States v. Migely*, 596 F.2d 511, 513 (1st Cir.1979) (citing *Cohen v. United States*, 378 F.2d 751, 761 (9th Cir.), *cert. denied*, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967)) (applying same standard to evidentiary hearings for motions to suppress, where provision required court to "receive evidence on any issue of fact necessary to decide the motion"). The factual allegations must be such that, if proved, would require a grant of relief and must be more than general and conclusory or based upon suspicion or conjecture. *Id.*

*United States v. Clifford*, 297 F. Supp. 2d 308, 310 (D. Me. 2003) (footnote omitted).

---

determine who had custody or possession of the disputed property. *See, e.g. Ball v. United States,* 193 F.3d 998 (8th Cir. 1999) (dispute regarding whether municipal police department or United States had custody over seized currency); *United States v Burton*, 167 F.3d 410 (8th Cir. 1999) (remanding where the district court improperly denied Rule 41(e) motion without receiving evidence to determine who had custody or possession of the subject property); *United States v. McGhghy*, No. 04-1393, 2005 WL 310901 (8th Cir. Feb. 10, 2005) (record is unclear as to what happened to property that was seized, who has custody of the property, and whether the property has been destroyed). Those facts are not present here, where (1) there is no indication the Non-seized Property was ever taken by anyone in law enforcement; and (2) the United States has offered competent evidence indicating it was not. Fallon Decla. at ¶¶ 8-9, 11, 13.

Because the United States never possessed or controlled the Non-seized Property, this Court lacks jurisdiction to grant the relief requested by Plaintiff under Fed. R. Crim. P. 41(g). Moreover, compelling the United States to devote additional resources—including preparing for and attending a hearing—to resist the bare, unsupported allegations of Plaintiff with respect to the Non-seized Property would constitute an unreasonable burden on the United States and further take law enforcement resources out of the line of duty to address the meritless claims.

## CONCLUSION

The Court lacks subject matter jurisdiction to entertain any of Plaintiff's claims and all must be dismissed. To the extent, if any, the Court has subject matter jurisdiction, it should, in the event Plaintiff fails to re-take possession of the Seized Property before 4:00 p.m. on January 24, 2025, use its ancillary jurisdiction to order the Seized Property is recognized abandoned, with title vesting in the United States, with no recourse or remedy for Plaintiff.

Dated:  January 6, 2025

MAC SCHNEIDER
United States Attorney

By:     /s/ James Patrick Thomas
JAMES PATRICK THOMAS
Assistant United States Attorney
ND Bar ID 06014
P.O. Box 699
Bismarck, ND  58502-0699
(701) 530-2420
james.p.thomas@usdoj.gov
Attorney for United States of America,
  and Bureau of Indian Affairs