# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NORTH DAKOTA

THOMAS J. SQUIREK,
Plaintiff,

v.

BUREAU OF INDIAN AFFAIRS, and
THE UNITED STATES OF AMERICA,
Defendants.

## Case No. 3:24-cv-00206-PDW-ARS

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COMES NOW the Plaintiff, THOMAS J. SQUIREK, and submits this Response in Opposition to the United States' Motion to Dismiss (Dkt. 13). For the reasons set forth below, the Defendants' motion should be denied in its entirety.

# I. INTRODUCTION

Defendants seek dismissal of Plaintiff's claims on the grounds of sovereign immunity, lack of subject matter jurisdiction, and mootness. However, Defendants' arguments are procedurally and substantively flawed. Plaintiff asserts misapplication of the Federal Rules of Civil Procedure, valid constitutional claims against individual federal agents, properly alleges violations of the Federal Tort Claims Act (FTCA), and maintains that his claims for return of property remain live controversies.

## II. STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in this case must be reviewed based on the jurisdictional statements and evidence provided in the Complaint. Paragraph 4 of the Complaint cited 28 U.S.C. §1331 (Federal question jurisdiction and 28 U.S.C. §1346 (United States as a defendant) and the Judiciary Act of 1789 paragraph nine, giving the Federal District Court jurisdiction over all seizures made on land. Also, Federal statutes under the Indian Country Crimes Act of 1817, the Major Crimes Act of 1885, Public Law 83-280 of 1953 and the Controlled Substances Act of 1970 all meeting the requirement to give this court jurisdiction under 12(b)(1). The value of the property has yet to be established exactly but it exceeds $100,000.00

Further, on a Rule 12(b)(6) motion, the complaint must be viewed in the light most favorable to the plaintiff, with all factual allegations accepted as true. _Ashcroft v. Iqbal_, 556 U.S. 662, 678 (2009).

> When considering a motion to dismiss for failing to state a claim, a court should accept the facts pleaded in the complaint as true unless facts merely restate legal conclusions.

Because this is a seizure case this Court must look to the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions Rules A – G. Since this matter is a seizure of property the resulting forfeiture proceeding must be an in rem action. Supplemental Rule A clearly indicates that the Supplemental Rules govern in rem actions. Rule A (2) indicates that if there is a conflict between the Federal Rules of Civil Procedure and the Supplemental Rules A – G the Supplemental Rules will govern. Therefore, the Standard of Review must include the requirements of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture (Supplemental Rules).

## III. ARGUMENT

### A. Sovereign Immunity Does Not Bar Plaintiff's Claims

Defendants argue that Plaintiff's claims under the Fourth, Fifth, and Fourteenth Amendments are barred by sovereign immunity. However, sovereign immunity does not extend to claims against individual officers acting outside their lawful authority. See _Bivens v. Six Unknown Fed. Narcotics Agents_, 403 U.S. 388 (1971). Plaintiff's allegations against Special Agent Stell Fallon and other involved agents for the unconstitutional seizure of his property fall squarely within the scope of Bivens liability.

Moreover, sovereign immunity does not apply when a person seeks only the return of property (not damages), because the request is for equitable relief.  See *United States v Bein* 214 F.3d 408 (3d Cir. 2000).

## Property Seizure Requires Hearing

The government in this case asserts that it does not have the property that was seized. In *United States v Bein, supra* the Court concludes that in such a case that the government does not have the seized property the Court must,

> "the district court must determine, in fact, whether the government retains possession of the property; if it finds that the government no longer possesses the property, the District Court must determine what happened to the property. The District Court must hold an evidentiary hearing on any disputed issue of fact necessary to the resolution of the motion.
> If the District Court concludes that the government's action... were not proper, it shall determine what remedies are available."

Additionally, Similarly, the Fourteenth Amendment's Due Process Clause has been interpreted as preventing the States from denying potential litigants use of established adjudicatory procedures, when such an action would be "the equivalent of denying them an opportunity to be heard upon their claimed right[s]." *Boddie v. Connecticut,* 401 U. S. 371, 401 U. S. 380 (1971).

*Logan v. Zimmerman Brush Co*. 455 U.S. 422, 435-437

> "As our decisions have emphasized time and again, the Due Process Clause grants the aggrieved party the opportunity to present his case and have its merits fairly judged. Thus, it has become a truism that "*some* form of hearing" is required before the owner is finally deprived of a protected property interest. *Board of Regents v. Roth,* 408 U.S. at 408 U. S. 670-671"

See also *Marbury v. Madison*, 5 U.S. 137 (1803) ("The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury.").   The FTCA waives sovereign immunity for certain tort claims against the United State including conversion and wrongful detention of property. See 28 U.S.C. § 1346(b)(1).

As *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999), held, District Court acts as finder of fact to resolve a motion to return property.

Since Plaintiff asserts constitutional claims under the Fourth and Fifth Amendments, sovereign immunity does not apply. The Supreme Court in *Bell v. Hood*, 327 U.S. 678, 684 (1946), affirmed that "where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief."

Since remission or mitigations proceedings by an agency is purely a matter of administrative grace the Plaintiff's sole remedy is a Court judgment.

*Wiren v. Ekle*, 542 F.2d 757 (9th Cir. 1976)

> "We do not consider remission or mitigation proceedings an adequate substitute; in those proceedings, the granting of relief is purely a matter of administrative grace.  Once an administrative agency has seized property for purposes of forfeiture the sole remedy of a claimant, absent a purely voluntary remission or mitigation, is a court judgment that forfeiture is inappropriate."

# IIII.  Plaintiff Has Satisfied the FTCA's Exhaustion Requirement

The government argues that Plaintiff's conversion claim (Count III) must be dismissed for failure to exhaust administrative remedies under the FTCA. However:

1. Plaintiff was not properly informed of the need to file an administrative claim with the BIA prior to filing suit, making exhaustion impractical and unfair.

2. If the Court deems exhaustion necessary, Plaintiff respectfully requests a stay of proceedings to allow administrative remedies to be pursued, rather than outright dismissal. See *Hinojosa v. United States Bureau of Prisons*, 955 F.3d 681, 687 (8th Cir. 2020).

3. Once a verified claim is filed pursuant to the Supplemental Rule C6(a)(i) after a seizure, the claim is removed from administrative review and must be adjudicated strictly under judicial review. See the Notes of Advisory Committee on Rules – 1985 Amendment,

> Since their promulgation in 1966, the Supplemental Rules for Certain Admiralty and Maritime Claims have preserved the special procedures of arrest and attachment unique to admiralty law. In recent years, however, these Rules have been challenged as violating the principles of procedural due process enunciated in the United States Supreme Court's decision in *Sniadach v. Family Finance Corp* ., 395 U.S. 337 (1969), and later developed in *Fuentes v. Shevin* , 407 U.S. 67 (1972); *Mitchell v. W. T. Grant Co* ., 416 U.S. 600 (1974); and *North Georgia Finishing, Inc. v. Di-Chem, Inc* ., 419 U.S. 601 (1975). These Supreme Court decisions provide five basic criteria for a constitutional seizure of property: (1)

effective notice to persons having interests in the property seized, (2) **judicial review prior to attachment**, (3) avoidance of conclusory allegations in the complaint, (4) security posted by the plaintiff to protect the owner of the property under attachment, and (5) **a meaningful and timely hearing after attachment**. (emphasis added)

*Wiren v. Ekle*, supra

4. Also establishes that a judicial review prior to attachment is necessary to comply with the due process requirements of the Constitution. Therefore, administrative procedures would be useless in a property seizure case after a verified claim of the property has been made.

The Supreme Court has fashioned these Supplemental Rules to provide for, among other things, judicial review and a meaningful and timely hearing after attachment. Since a verified claim triggers the judicial review of a seizure then that same judicial review would make any administrative decisions moot.

Thus, Plaintiff's verified claim removes the matter from the FTCA's administrative process requirement, and the government cannot rely on exhaustion arguments to dismiss the claim.

## V. Plaintiff's Rule 41(g) Claim Is Not Moot

Defendants argue that Plaintiff's Rule 41(g) claim is moot because they have "offered" to return his property. However:

1. Not all property seized has been accounted for or returned.

2. The government's delay in returning Plaintiff's property constitutes a continuing violation of his constitutional rights.

3. Plaintiff's claim for return of property from the unlawful seizure remains a live controversy. See *United States v. Chambers*, 192 F.3d 374, (3d Cir. 1999) (holding that a Rule 41(g) motion remains valid when a claimant seeks return of property).

*United States v. Chambers* supra,

In essence, the government argues that Chambers' motion under Rule 41(e) is moot because the government no longer has anything to return. Such an argument has been rejected uniformly by the Courts of Appeals. See, e.g., United States v. Kanasco, Ltd., 123 F.3d 209, 210 n. 1 (4th Cir. 1997); Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995) (per curiam); Mora v. United States, 955 F.2d 156, 160 (2d Cir. 1992); Martinson, 809 F.2d at 1368; United States v. Francis, 646 F.2d 251, 262-63 (6th Cir. 1981); Mr. Lucky Messenger Serv., Inc. v. United States, 587 F.2d 15, 17 (7th Cir. 1978).

## VI. FRCP 12(b)(1) and 12 (b)(6)

The government brings their Motion to Dismiss under the authority of Federal Rules of Civil Procedure (FRCP) 12(b)(1) & 12(b)(6), however 12(b)(1) & 12(b)(6) are in conflict with Supplemental Rule E(4)(f).

The FRCP's are general rules of civil procedure in all civil cases. The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules) are rules for specific cases outlined in Supplemental

Rule A which include actions in rem and forfeiture actions in rem arising from a federal statute.

The Supreme Court published Supplemental Rule A(2) to clearly indicate that the FRCP's and the Supplemental Rules also governs procedures in the specific cases outlined in Rule A(1)(A)(i) – (iv).  However, if there is a conflict between the two sets of Rules that the Supplemental Rules govern.  Rule A(2) brings forth the "specific governs the general" or specificity canon.   The Supplemental Rules only apply in specific cases but when the court comes into a case listed in Rule A then the Supplemental Rules govern any specific conflicts with the FRCP's. See *Morales v. Trans World Airlines, Inc.* 504 U.S. 374 (1992), "it is a common place of statutory construction that the specific governs the general".

Supplemental Rule E(4)(f) states clearly,

> "whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with the rules."

FRCP 12(b)(1) and 12(b)(6) are both general rules that would allow the government to ask this court to terminate the Plaintiffs claim for his property before he has any meaningful hearing.  Rule 12(b)(1) & 12(b)(6) are in conflict with the controlling Supplemental Rule E (4)(f). Supplemental Rule A (2) clearly says that the Supplemental Rules govern if there is a conflict with the FRCP's and

the Courts uphold that position. See, _United States v. $38,000.00 in U.S._ Currency

816 F.2d 1538 (11th Cir. 1987),

> The Supplemental Rules govern judicial forfeiture proceedings and establish the statutory standing requirements for these actions. Supplemental Rule A; Supplemental Rule C(6); _see $2,857.00,_ 754 F.2d at 211, 212-13. _S. Currency_, 816 F.2d 1538 (11th Cir. 1987).

It is well settled in law that Rule E (4)(f) requires that I have my day in Court.

Therefore, the governments Motion to Dismiss is without merit.  For the court to

grant the Motion to Dismiss operates as a denial of due process and is violation of

the Supplemental Rules.

Thus, this case remains a justiciable controversy.

## IV. REQUEST FOR RELIEF

For the foregoing reasons, and in the interest of justice the Plaintiff respectfully requests that the Court:

1. Deny Defendants' Motion to Dismiss;

2. Allow the case to proceed to discovery and evidentiary hearings;

3. In the alternative, grant Plaintiff leave to amend his complaint to assert

   claims against individual officers for constitutional violations; and

4. Stay the case (if necessary) to allow for FTCA administrative exhaustion.

Dated: March 3, 2025
Respectfully submitted,

**THOMAS J. SQUIREK**
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I, Thomas J. Squirek, hereby certify that on this 3rd day of March, 2025, I served a true and correct copy of the Plaintiff's Response in Opposition to Defendants' Motion to Dismiss upon the following parties by prepaid First Class U.S. Mail, or personal service.

Bureau of Indian Affairs
c/o Yvonne LaRocque-Superintendent
Special Agent for BIA Stell Fallon
816 3rd Ave., North
Fort Totten, North Dakota 58335

U.S. Attorney's Office
/s/ James Patrick Thomas
P.O. BOX 699
Bismarck, ND 58502-0699

Counsel for Defendants: Bureau of Indian Affairs & The United States of America

Dated: March 3, 2025

Respectfully submitted,

THOMAS J. SQUIREK
Plaintiff, Pro Se
9275 34th Street NE
Tolna, North Dakota 58380
352-325-1455